AO 93  (Rev. 12/09) Search and Seizure Warrant

**SEALED**

# UNITED STATES DISTRICT COURT

### for the

Eastern District of Louisiana



| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) ) |
| 2000 Belle Chasse Highway Gretna, Louisiana  70056 Further described in Attachment A | ) ) ) |

Case No.   10 MAG 9/22-2

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____Louisiana_____
*(identify the person or describe the property to be searched and give its location)*:
2000 Belle Chasse Highway, Gretna, Louisiana  70056 (further described in Attachment A)

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

 see Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before *October 6, 2010*
*(not to exceed 14 days)*

☐ in the daytime  6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
_____LOUIS MOORE, JR._____
UNITED STATES MAGISTRATE JUDGE

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*  ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____

Date and time issued:  _09/22/2010_  _5:15 p.m._        _____
                                                                                    *Judge's signature*

City and state:   _New Orleans, Louisiana_        _Honorable Louis Moore, Jr., U.S. Magistrate Judge_
                                                                                    *Printed name and title*

**EXHIBIT**
**A**

## ATTACHMENT A

The offices of River Birch Landfill are located at 2000 Belle Chasse Highway, Gretna, Louisiana, 70056.  It is a three-story beige brick building with a sign in front that states River Birch Inc. and Willow Homes.



# ATTACHMENT B

## ITEMS TO BE SEARCHED AND SEIZED

1.  Any computer, computer system and related peripherals; tapes, cassettes, cartridges, streaming tape, commercial software and hardware, computer disks, disk drives, monitors, computer printers, modems, tape drives, disk application programs, data disks, system disk operating systems, magnetic media floppy disks, hardware and software operating manuals, tape systems and hard drive and other computer related operation equipment, digital cameras, scanners, computer photographs, Graphic Interchange formats and/or photographs, undeveloped photographic film, slides, and other visual depictions of such Graphic Interchange formats (such as, JPG, GIF, TIF, AVI, and MPG and other image files), and any electronic data storage devices including, but not limited to hard ware, software, diskettes, back up tapes, CD-ROMS, DVD, flash memory devices and other storage media; any input/output peripheral devices, such as passwords, data security devices, and related documentation, and any hardware/software manuals.

2.  Any and all documents, correspondence, letters, notes, memorandums, printouts, records, contracts, communications, writings, billing records, payments, expenditures, agreements, calendars, message books, emails, facsimiles, and electronic communications as they relate to Henry Mouton, Derrick Shepherd, Jody Amedee, Timothy Whitmer, Aaron Broussard, Gentilly landfill, John Ward Vandervort, Christopher W. Vandervort, Julie A. Vandervort, Dominic A. Fazzio, Rebecca T. Fazzio, Tom Wilkinson, Water Front Properties, LLC, Ring Associates, LLC, B & C Contractors, LLC, Dangle & Associates, LLC, Anne's Properties, LLC, and Big Bang Properties, LLC.

3.  Any and all documents, correspondence, letters, notes, memorandums, printouts, records, contracts, communications, writings, billing records, payments, expenditures, agreements, calendars, message books, emails, facsimiles, and electronic communications as they relate to the Request for Proposals issued by Jefferson Parish, Louisiana, #RFP-0176, Responses to the Request for Proposals, bids, and contracts, and any other business dealings between RBL and Jefferson Parish.

4.  Any and all documents, correspondence, letters, notes, memorandums, printouts, records, contracts, communications, writings, billing records, payments, expenditures, agreements, calendars, message books, emails, facsimiles, and electronic communications as they relate to any legislation, or proposed legislation concerning the Gentilly Landfill.

5.   Any and all documents, correspondence, letters, notes, memorandums, printouts, records, contracts, communications, writings, billing records, agreements, calendars, message books, emails, facsimiles, and electronic communications as they relate to donations, contributions, campaign contributions, payments, expenditures, loans, gifts to, for, or on behalf of public officials, either directly, indirectly, or through third party conduits.



FIRE EXTINGUISHER

2000 BELLE CHASE HWY.

| | |
|---|---|
| Fred Heebe Investments | 3rd Floor |
| Heebe & Heebe. Attorneys | 3rd Floor |
| Live Oak Homes | 3rd Floor |
| Peter J. Butler, L.L.C. | 3rd Floor |
| River Birch, Inc. | 3rd Floor |
| Shadowlake Management | 3rd Floor |
| Willow Homes | 3rd Floor |

**EXHIBIT**

B





**PETER J. BUTLER, JR., L.L.C.**
Attorney at Law
2000 Belle Chasse Highway • Third Floor • Gretna, LA 70056
504.433.9350 • 504.433.9538 (fax)
Email: peter@pjbutler.com

December 19, 2008

Hon. Jim Letten
United States Attorney, Eastern
   District of Louisiana
500 Poydras Street, Room B-210
New Orleans, Louisiana 70130

      Re:    Derrick Shepherd

Dear Jim:

      My client, A. J. Ward, Jr., asked that I apprise you of an incident which occurred Thursday morning, December 18, 2008, involving Derrick Shepherd.

      At approximately 8:30 a.m. yesterday morning, Mr. Ward was attempting to back his car out of his driveway onto the street but could not do so because his driveway was blocked by a parked automobile. Mr. Ward left his car to try to determine why the car was blocking his driveway and recognized Derrick Shepherd, who was standing alongside the parked vehicle. Mr. Shepherd said that he wanted to speak to Mr. Ward.

      Mr. Ward then spoke to Mr. Shepherd in his back yard at which time Mr. Shepherd stated that he was contacting his "friends" to help him out and asked if Mr. Ward could give him a job. Mr. Ward then asked Mr. Shepherd when he was to report to prison. Mr. Shepherd stated that he was to report to prison on January 17, 2009 to serve a one (1) year sentence. Mr. Ward then stated that he was in no position to give him a job.

      Mr. Shepherd then indicated that he was desperately in need of help from his "friends" and asked Mr. Ward to give him money. Mr. Ward then stated that he would no longer speak with Mr. Shepherd and that the conversation was over. Mr. Ward then entered his car and attempted to leave his home, but was still blocked from doing so by Mr. Shepherd's parked automobile.

      After Mr. Ward told Mr. Shepherd to move his car, Mr. Shepherd did so. However, before leaving Mr. Shepherd asked if he could contact Mr. Ward in the future; Mr. Ward side-stepped an answer and abruptly left in his car.

      Mr. Ward is not a "friend" of Mr. Shepherd. At most, he was an acquaintance of Mr. Shepherd in his capacity as a Louisiana State Senator. Mr. Ward is 81-years of age and was rather



EXHIBIT
C

December 19, 2008
Page 2


shaken up by the above incident.  While he was in no way threatened, I thought this incident should be brought to the attention of your office.

I attempted to contact Mike Magner yesterday afternoon but was informed that he is on an assignment out of the New Orleans' office for one year.  I also attempted to contact Sal Perricone yesterday afternoon and left a message on his voice mail.

With kindest regards

Yours truly,

PETER J. BUTLER

PJB/nhf
cc:     Sal Perricone, Esq., Assistant United States Attorney
        Mr. A. J. Ward, Jr.

<u>**AFFIDAVIT**</u>

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

        **BEFORE ME**, the undersigned Notary, personally came and appeared:

**SCOTT MANZELLA**

who, after being duly sworn, did depose and state:

1.    My name is Scott Manzella, and I am the owner of Sterling Computer Services, Inc.  I am over 18 years of age, and have personal knowledge of the statements made in this affidavit and each is true and correct.

2.    I provide IT services to Shadowlake Management, L.L.C., Willow, Inc., River Birch, Inc., Live Oak Homes, Adrea Heebe, and Peter J. Butler, L.L.C.

3.    There are 6 computer servers on the premises of 2000 Belle Chasse Highway.

4.    During the search of 2000 Belle Chasse Highway on Thursday, September 23, 2010, a computer technician with the FBI asked me to identify the contents of each server.

5.    I explained that four servers contain the data of Shadowlake Management, L.L.C. and that two servers contain the data of Willow, Inc. and River Birch, Inc.

6.    The FBI imaged two of the Shadowlake Servers (the accounting server and the mail server).  The FBI also imaged both of the River Birch/Willow servers.

_Scott Manzella_ (signature)

SCOTT MANZELLA

Sworn to and subscribed before me
this first day of October, 2010.

_William P. Gibbens_ (signature)

Name:  William P. Gibbens
Notary No.:  85968
    NOTARY PUBLIC

    My commission is for life.

**EXHIBIT**

**D**





EXHIBIT

E

FD-597 (Rev 8-11-94)

Page ___1___ of ___1___

### UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # __1942-NO-74025__

On (date) __9/23/10__

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☑ Seized

(Name) __RIVER BEND__

(Street Address) __2000 PELIT CHASE HWY__

(City) __GRETNA, LA__

Description of Item(s): __MISC. DOCUMENTS REGARDING JEFFERSON__
__PARISH - PROPOSAL REQUEST; DOCUMENTS MENTIONING__
__ETHICS RESPONSE - RIVER BIRCH__
__- MISC DOCS RE: WASTE MGT - GENTILLY LANDFILL__
__- RIVER BIRCH DOCS - BUTLER__
__- MISC DOCS RE: ACCTS RECEIVABLE / NOTE PADS__
__- RIVER BIRCH PRESENTATION PAPERWORK__
__- CD / THUMB DRIVE 1__

EXHIBIT

**F**

Received By: __Will Phythr__
(Signature)

Received From: _____
(Signature)

FD-597 (Rev. 8-11-94)

**UNITED STATES DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF INVESTIGATION**
Receipt for Property Received/Returned/Released/Seized

File # 194B-NO-74025

On (date) Sept 23, 2010

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☐ Seized

(Name) _____

(Street Address) 2000 Belle Chasse Hwy,

(City) Gretna, LA

Description of Item(s): Copy of company phone list; Re: RNC General Contractors - check stubs, bank statements w/ copies of cancelled checks, articles of incorporation; signed River Birch contract; option to purchase; misc business records from Heebe's office; check stubs & voided checks from acct of Van Devort-Ward; "Dutenie" Folder of business records; phone log; POC printouts; Sprint invoices; Jefferson Parish Landfill documents & RFP; Environmental Services Inc. invoices; Financial statements re: payments to contractors; memo re: continued employment; printed out emails; zoning documents; J.P. Planning Dept Docs; Records of Continuation of RBI Competition - J.P. Landfill / Kelvin /Sexton; 12 Hi8, VHS video tapes; Sony Hi8 Video Camera; Draft RFP from Jefferson Parish; J.P. Dept of Environmental Affairs Interoffice memo; electronic storage media e.g. CD's, DVDs, Hard drive; Ethics board subpoena response, computer discs (floppy - eleven); Quick books software; Documents & correspondence re: Debris & land fills; Documents regarding Gentilly Land fill; documents regarding political contributions; study of Gentilly Landfill, political contribution requests from Aaron Broussard; page of handwritten notes; JP attorney faxed letter from DOJ; copies of contract and correspondence with Jefferson Parish; insurance documents, Misc records re: River Birch; External Hard drive w/ power adaptor; Backup tapes for Servers for Shadowlake & Willow /River Birch.

Received By: WM P_____ (Signature)    Received From: Mebela J. Ry_____ (Signature)

EXHIBIT
G

FD-597 (Rev 8-11-94)                                                                                                    Page 2 of 2

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # _194B-NO-74025_

On (date) _Sept 23, 2010_

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☐ Seized

(Name) _____

(Street Address) _2870 Belle Chase Hwy_

(City) _Gretna, LA_

Description of Item(s): _Jeff Parwin RFP Riverbirch response ; RFP w/ corrections ; folder of documents labeled Henry Mouton, Riverbirch RFF0176 contract w/ Jeff Parson ; Jeff Parson landfill disposal contract ; audio tapes ; 2 Dell laptops w/ power adapter ; Harddrive labeled Heebe ; harddrive labeled Fantom ; Ten server back up tapes ; Desktop PC Dell Vostro 220s ; Rosewill external harddrive ; Damaris Wintes' PC harddrive ; Adrea Heebe's PC harddrive ; Reception area PC harddrive ; Mike Drane's PC harddrive ; Dominich Russo's PC harddrive ; eleven FBI harddrives containing evidence captured from River Birch servers, computers, and loose media_

_nothing follows_

Received By _W M Pln_
(Signature)

Received From _Malcolm Ryan_
(Signature)

EXHIBIT

H

2. publicly filed documents, including bankruptcy records, unavailable from other sources;

3. testimony or documents necessary to respond to a claim of ineffective assistance of counsel, including, but not limited to, petitions filed pursuant to 28 U.S.C. § 2255 and D.C. Code § 23-110; and

4. materials within the scope of an explicit and unchallenged waiver by the attorney's client.

**F. Submitting the Request**. Requests for authorization should be submitted to the Policy and Statutory Enforcement Unit (PSEU), Office of Enforcement Operations, Criminal Division, through the form set out in the Criminal Resource Manual at 264. When documents are sought in addition to the testimony of the attorney witness, a draft of the subpoena duces tecum, listing the documents sought, must accompany the completed form. Send the completed auto-email form and draft subpoena by email to PSEU@usdoj.gov or, if email is unavailable, fax it to (803) 726-2181.

**G. No Rights Created by Guidelines:** These guidelines are set forth solely for the purpose of internal Department of Justice guidance. They are not intended to, do not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal, nor do they place any limitations on otherwise lawful investigative or litigative prerogatives of the Department of Justice.

[updated January 2009] [cited in USAM 9-11.255; USAM 9-13.420; Criminal Resource Manual 264; 2317]

## 9-13.420  Searches of Premises of Subject Attorneys

NOTE: For purposes of this policy only, "subject" includes an attorney who is a "suspect, subject or target," or an attorney who is related by blood or marriage to a suspect, or who is believed to be in possession of contraband or the fruits or instrumentalities of a crime. This policy also applies to searches of business organizations where such searches involve materials in the possession of individuals serving in the capacity of legal advisor to the organization. Search warrants for "documentary materials" held by an attorney who is a "disinterested third party" (that is, any attorney who is not a subject) are governed by 28 C.F.R. 59.4 and USAM 9-19.221 *et seq. See also* 42 U.S.C. Section 2000aa-11(a)(3).

There are occasions when effective law enforcement may require the issuance of a search warrant for the premises of an attorney who is a subject of an investigation, and who also is or may be engaged in the practice of law on behalf of clients. Because of the potential effects of this type of search on legitimate attorney-client relationships and because of the possibility that, during such a search, the government may encounter material protected by a legitimate claim of

privilege, it is important that close control be exercised over this type of search.
Therefore, the following guidelines should be followed with respect to such
searches:

**A. Alternatives to Search Warrants.** In order to avoid impinging on valid
attorney-client relationships, prosecutors are expected to take the least
intrusive approach consistent with vigorous and effective law enforcement
when evidence is sought from an attorney actively engaged in the practice of
law. Consideration should be given to obtaining information from other sources
or through the use of a subpoena, unless such efforts could compromise the
criminal investigation or prosecution, or could result in the obstruction or
destruction of evidence, or would otherwise be ineffective.

>NOTE: Prior approval must be obtained from the Assistant Attorney
>General for the Criminal Division to issue a subpoena to an attorney
>relating to the representation of a client. See USAM 9-13.410.

**B. Authorization by United States Attorney or Assistant Attorney General.**
No application for such a search warrant may be made to a court without the
express approval of the United States Attorney or pertinent Assistant Attorney
General. Ordinarily, authorization of an application for such a search warrant is
appropriate when there is a strong need for the information or material and
less intrusive means have been considered and rejected.

**C. Prior Consultation.** In addition to obtaining approval from the United States
Attorney or the pertinent Assistant Attorney General, and before seeking
judicial authorization for the search warrant, the federal prosecutor must
consult with the Criminal Division.

>NOTE: Attorneys are encouraged to consult with the Criminal Division
>as early as possible regarding a possible search of an attorney's
>office. Telephone No. (202) 514-5541; Fax No. (202) 514-1468.

To facilitate the consultation, the prosecutor should submit the attached
form (see Criminal Resource Manual at 265) containing relevant information
about the proposed search along with a draft copy of the proposed search
warrant, affidavit in support thereof, and any special instructions to the
searching agents regarding search procedures and procedures to be followed to
ensure that the prosecution team is not "tainted" by any privileged material
inadvertently seized during the search. This information should be submitted to
the Criminal Division through the Office of Enforcement Operations. This
procedure does not preclude any United States Attorney or Assistant Attorney
General from discussing the matter personally with the Assistant Attorney
General of the Criminal Division.

If exigent circumstances prevent such prior consultation, the Criminal

Division should be notified of the search as promptly as possible. In all cases, the Criminal Division should be provided as promptly as possible with a copy of the judicially authorized search warrant, search warrant affidavit, and any special instructions to the searching agents.

The Criminal Division is committed to ensuring that consultation regarding attorney search warrant requests will not delay investigations. Timely processing will be assisted if the Criminal Division is provided as much information about the search as early as possible. The Criminal Division should also be informed of any deadlines.

**D. Safeguarding Procedures and Contents of the Affidavit.** Procedures should be designed to ensure that privileged materials are not improperly viewed, seized or retained during the course of the search. While the procedures to be followed should be tailored to the facts of each case and the requirements and judicial preferences and precedents of each district, in all cases a prosecutor must employ adequate precautions to ensure that the materials are reviewed for privilege claims and that any privileged documents are returned to the attorney from whom they were seized.

**E. Conducting the Search.** The search warrant should be drawn as specifically as possible, consistent with the requirements of the investigation, to minimize the need to search and review privileged material to which no exception applies.

While every effort should be made to avoid viewing privileged material, the search may require limited review of arguably privileged material to ascertain whether the material is covered by the warrant. Therefore, to protect the attorney-client privilege and to ensure that the investigation is not compromised by exposure to privileged material relating to the investigation or to defense strategy, a "privilege team" should be designated, consisting of agents and lawyers not involved in the underlying investigation.

Instructions should be given and thoroughly discussed with the privilege team prior to the search. The instructions should set forth procedures designed to minimize the intrusion into privileged material, and should ensure that the privilege team does not disclose any information to the investigation/prosecution team unless and until so instructed by the attorney in charge of the privilege team. Privilege team lawyers should be available either on or off-site, to advise the agents during the course of the search, but should not participate in the search itself.

The affidavit in support of the search warrant may attach any written instructions or, at a minimum, should generally state the government's intention to employ procedures designed to ensure that attorney-client privileges are not violated.

If it is anticipated that computers will be searched or seized, prosecutors are expected to follow the procedures set forth in *Federal Guidelines for Searching and Seizing Computers* (July 1994), published by the Criminal Division Office of Professional Training and Development.

**F. Review Procedures.** The following review procedures should be discussed prior to approval of any warrant, consistent with the practice in your district, the circumstances of the investigation and the volume of materials seized.

- o Who will conduct the review, i.e., a privilege team, a judicial officer, or a special master.
- o Whether all documents will be submitted to a judicial officer or special master or only those which a privilege team has determined to be arguably privileged or arguably subject to an exception to the privilege.
- o Whether copies of all seized materials will be provided to the subject attorney (or a legal representative) in order that: a) disruption of the law firm's operation is minimized; and b) the subject is afforded an opportunity to participate in the process of submitting disputed documents to the court by raising specific claims of privilege. To the extent possible, providing copies of seized records is encouraged, where such disclosure will not impede or obstruct the investigation.
- o Whether appropriate arrangements have been made for storage and handling of electronic evidence and procedures developed for searching computer data (i.e., procedures which recognize the universal nature of computer seizure and are designed to avoid review of materials implicating the privilege of innocent clients).

These guidelines are set forth solely for the purpose of internal Department of Justice guidance. They are not intended to, do not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal, nor do they place any limitations on otherwise lawful investigative or litigative prerogatives of the Department of Justice.

See the Criminal Resource Manual at 265, for an attorney office search warrant form.

[cited in Criminal Resource Manual 265]

## 9-13.500  International Legal Assistance

The Criminal Division's Office of International Affairs (514-0000) must be consulted before contacting any foreign or State Department official in matters relating to extradition of a fugitive or the obtaining of evidence in a criminal investigation or prosecution.

Any proposed contact with persons, other than United States investigative agents, in a foreign country for the purpose of obtaining the extradition of a fugitive

# Attorney Search Warrant
## USAM 9-13.420

Policy and Statutory Enforcement Unit
Office of Enforcement Operations
Criminal Division
E-Mail: PSEU@usdoj.gov
Phone: (202) 305-4023
Fax: (803) 726-2181

**Date of Submission:**

**Date Response Requested/Required:**

**If Required in Less than 10 Business Days, Please Explain Why:**

**\*If Required in Less than 48 hours, Please Call PSEU.**

**AUSA/Contact Name:**                                    **Phone:**

**District:**  SELECT DISTRICT                            **Fax:**

**E-mail:**

If additional space is needed for an item, please include the information in a document attached to the e-mail generated by pressing the 'Submit by E-Mail' button below or type the information directly into the body of the e-mail. You also have the option to print and/or save the form.

**Anticipated Search Date:**

**Attorney/Firm Name:**

**Statute(s) Violated:**

**Brief Factual Summary:**

Premises to Be Searched:

___ Law Firm          ___ Residence          ___ Law Office          ___ Business or Corporation

___ Other: _____

Records, Information and/or Objects of the Search:

___ Client Files          ___ Attorney Business Records          ___ Computer Files          ___ Audio or Video Tapes

___ Client Financial or Business Records          ___ Physical Objects          ___ Other: _____

_____

Reasons Why Less Intrusive Means (*e.g.*, subpoena) Cannot Be Used:

Procedure to Be Followed to Protect Privilege and to Ensure that the Prosecution Team Is Not Tainted:

If You Anticipate that Computers May Be Searched or Seized, Please Describe How You Propose to Conduct the Search and What Procedures Will Be Followed to Minimize Intrusion into Computerized Attorney-Client Files:

Prior Related Request(s) Submitted to PSEU (if any):

---

### Name of Authorizing U.S. Attorney

*In submitting this form/request to PSEU, the responsible Assistant United States Attorney is certifying that the United States Attorney has authorized making the request prior to submission. If a DOJ litigating section is submitting the request, please indicate the name of the authorizing Section Chief.

*Please attach copies of the draft affidavit, search warrant, and instructions to agents executing the warrant. Any other supplemental documentation should also be attached to the e-mail request. If more space is required than is provided on this form, please include it as an attached document or in the body of the e-mail request.

Submit by E-mail          Print Form