UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HEEBE, ET AL. | * | CIVIL ACTION NO: 10-3452 |
| v. | * | SECTION "C" (5) |
| UNITED STATES OF AMERICA | * | |

* * *

**GOVERNMENT'S RESPONSE TO**
**PETITIONERS' MOTION TO ENFORCE JUDGEMENT**

NOW INTO COURT, comes the United States of America, appearing herein through the undersigned Assistant United States Attorney, and responds to Petitioners' motion to enforce judgment.

The government has complied with the Court's Order and has returned all documents as ordered by the Court. Paper documents seized during the execution of the search warrant were reviewed by the government's investigative team and "clean team." The shared copies of River Birch and other entities were copied and those copies were provided to the Petitioners. Documents that pertained only to River Birch were retained by the government. Documents deemed to contain privileged material were returned to the Petitioners and a copy of those documents were provided to the Court in accordance with Rule 41 of the Rules of Criminal Procedure so that they may be preserved for possible later production in a criminal proceeding.

The government performed string searches on the hard drives that were imaged by the government pursuant to the execution of the search warrant for possible privileged material. The servers imaged by the government contain both River Birch material and also shared material between River Birch and other entities controlled by Fred Heebe and/or Jim Ward. The government also retained evidence of other crimes that was found during the execution of the search warrant which is *de facto* contraband evidence that goes beyond what can be considered a traditional white-collar investigation.

For the government to be able to comply with the Court's Order, it was necessary for the government to review the evidence seized to make a determination as to which category the evidence belonged. The government was ordered by the Court to classify evidence into several distinct categories, and then either retain the evidence if it pertained solely to River Birch, copy the evidence for the Petitioners if it was shared between River Birch and the other entities, or return the evidence if it was privileged or pertained solely to a separate entity. The Petitioners claim the government was not entitled to inspect the evidence. Rec. Doc. 36. However, the only way for the government to comply with the Court's Order was to inspect the evidence and then determine to which category the evidence belonged. The Court's Order therefore expressly allowed the government to inspect all evidence seized and then to appropriately classify that evidence in accordance with the Court's Order.

The Petitioners claim that not all non-River Birch materials were returned. They claim that because approximately 25 banker's boxes of documents were seized and only three were returned, the government retained items contrary to the Court's ruling. *Id.* at 4-6. The government did not retain items contrary to the Court's ruling. During the execution of the

search, agents made a good-faith attempt to seize only items that they believed were in conformity to the search warrant itself. Documents reviewed on the scene that were believed not to be related to the search warrant were not seized. Therefore, of the approximately 25 boxes of paper documents seized, most related solely to River Birch and were properly retained by the government.

The Petitioners allege that the government has retained several items that were outside the scope of the warrant such as three boxes labeled "Attorney-Client Privileged." Rec. Doc. 36, p.7. These items were reviewed on-scene by the review team due to the labeling by the Petitioners. After the on-scene review, only items in those boxes which did not contain privileged material were seized by agents. The government does not have folders of Heebe's confidential communications to his attorneys in those boxes, as alleged by the Petitioners. *Id.* As the government stated in its Notice of Compliance, the government will continue to review documents and any documents that may have an initial showing of privileged information and any such documents will be turned over to the review team for a determination of privilege. Rec. Doc. 31, pp. 3-4. The government recognizes its on-going obligation to the Court's ruling regarding categorization of evidence while reviewing evidence in this case.

The government continues to contend that no government employee involved in the execution of the search warrant at 2000 Belle Chasse Highway acted with any callous disregard for the constitutional rights of the Petitioners. The agents exercised restraint in the seizure of evidence that was related to the search warrant and made a good-faith attempt, on the scene, to seize only those items that were within the scope of the search warrant. Evidence was properly seized and retained by the government, even if it was not particularly described in the warrant,

because it was an item of an "incriminating character" or had a sufficient nexus to the crime being investigated. "Although as a general rule only items described in a search warrant may be seized, there are two relevant exceptions to this rule. First, items of "incriminatory character" found in the course of a legal search but that were not described in the search warrant may properly be seized. Second, property that has a sufficient nexus to the crime being investigated may be seized at the time officers are properly executing a warrant authorizing a search for other items." *Garland v. Maggio*, 717 F. 2d 199, 206 (5th Cir. 1983); *United States v. Kane*, 450 F. 2d 77 (5th Cir. 1971), *cert. denied*, 405 U.S. 934 (1972). The on-scene investigators made a good-faith effort to limit seized items to only those with relevance to the warrant. The government will continue this good-faith effort in its review of the evidence seized.

**Conclusion**

For the above reasons, the Petitioner's motion to enforce judgement should be **DENIED**.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

s/Gregory M. Kennedy
GREGORY M. KENNEDY
Assistant United States Attorney
Louisiana Bar Roll Number 20896
New Orleans, Louisiana 70130
Telephone: (504) 680-3102
Email: Greg.Kennedy@usdoj.gov

s/Salvador R. Perricone
SALVADOR R. PERRICONE
Assistant United States Attorney
Louisiana Bar Roll Number 10515
500 Poydras Street, Second Floor
New Orleans, Louisiana 70130
Telephone: (504) 680-3026
Email: Salvador.Perricone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/Gregory M. Kennedy
GREGORY M. KENNEDY
Assistant United States Attorney