UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HEEBE ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO: 10-3452 |
| | * | |
| UNITED STATES OF AMERICA | * | SECTION: "C" (5) |
| | * | |

***********************************

**PLAINTIFFS' MEMORANDUM REGARDING THE COURT'S VISIT TO 2000 BELLE CHASSE HIGHWAY**

NOW INTO COURT through undersigned counsel come petitioners, Frederick R. Heebe, A.J. Ward, Shadowlake Management, ("Shadowlake"), Willow, Inc., Fred Heebe Investments, Live Oak Homes Corporation ("Live Oak"), Heebe & Heebe, P.L.C., and River Birch, Inc. ("River Birch"), who respectfully submit the following memorandum regarding the Court's visit to 2000 Belle Chasse Highway, Gretna, Louisiana.

**INTRODUCTION**

Pursuant to the Court's Order entered January 21, 2011, the plaintiffs submit the following memorandum regarding where the Court should direct its attention during the Court's visit to the premises of 2000 Belle Chasse Highway. The plaintiffs suggest that the Court focus its attention on two important issues raised by the Government in its previous filings.

First, the Government has contended that the searching agents did not see the building directory listing seven different tenants when they entered the building on the morning of the search. Rec. Doc. No. 31-3 at p. 4-5.

Second, the Government has contended that the searching agents "observed no independent identifying information located on the third floor that would have alerted agents to other businesses' spaces housed within the common office space." *Id.* at p. 5.

Accordingly, as is discussed below, the plaintiffs would ask the Court to direct its attention to the building directory at the entrance to the building and the numerous pieces of evidence that other businesses besides River Birch, Inc. are located at 2000 Belle Chasse Highway.

## I. THE BUILDING DIRECTORY

### A. THE EXTERIOR OF THE BUILDING

As the Court approaches the three story brick building at 2000 Belle Chasse Highway, the plaintiffs would first direct the Court's attention to the large sign out front for River Birch and Willow, because, obviously, that sign indicates to visitors that the building houses more than just River Birch, Inc.

The entrance to 2000 Belle Chasse Highway is under a green awning bearing the title "Offices." Underneath the awning is a glass entrance door. As the Court approaches the entrance door, the plaintiffs would ask the Court to take a moment to look through the glass door, while it is still closed. Looking directly through the closed glass door, through an interior, open doorway, one can see the building directory, which is immediately to the left of a fire extinguisher cabinet.

### B. THE STAIRWELL AND ELEVATOR

After entering through the glass front door, there is an open doorway straight ahead and a stairwell on the left. The open doorway leads to the elevator, and the building directory and the fire extinguisher cabinet are directly ahead. The plaintiffs would ask the Court to walk toward the stairs and see for itself that the directory is visible, and legible, from that angle.

In addition, the plaintiffs would ask the Court to stand next to the door knob of the open door leading into the elevator room and read the building directory from that location. This door is always kept open, and video surveillance from the day of the search shows that, as usual, the door was open the entire day.

The plaintiffs would then suggest that the Court enter the elevator room and take the elevator to the third floor, again noting the building directory.

## II. LABELING IDENTIFYING THE VARIOUS COMPANIES

On the third floor, outside the elevator, is a waiting area with two chairs and a small table. After entering the office suites through the waiting area, there is a reception counter directly ahead with file cabinets against the back wall. On top of the file cabinets are numerous boxes labeled “scanned leases.” The plaintiffs point out that this is an immediate indication of the presence of Shadowlake Management, a residential apartment management company.

From the reception desk, one can turn right and walk into an office, can turn down a long hallway to the left, or can go around the reception desk down another hallway past the lunch room.

The plaintiffs would point out that the office to the right of the reception desk is in somewhat of a different condition than it was on the date of the search. First, directly opposite the door there is bookshelf holding green binders labeled “Live Oak Homes 2011” and “Shadow

Lake 2011." This bookshelf is new, and these binders were not present during the September 2010 search. However, at the time of the search a different bookshelf held similar binders labeled 2010. There are also a number of black file cabinets in that office. With respect to these file cabinets, the plaintiffs would point out that, at the time of the search, only some of these file cabinets were labeled.[1]

The plaintiffs suggest that the Court next walk back past the reception desk and turn down the hallway to the right. The Court will walk past a lunch room, and next to the lunch room door is a table with a stamp machine and several green folders. The folders are labeled "Calypso Bay," "Parc Fontaine," "Relais Esplanade," "River View Villas," and "Shadowlake Villas," all residential apartment complexes managed by Shadowlake.

Further down that hallway is an area with three work cubicles. The first cubicle on the immediate left contains a copy and fax machine.

The plaintiffs would direct the Court's attention to the shelves on the outside of the next cubicle on the left. Those shelves hold numerous colored binders: orange binders labeled "Calypso Bay, LLC," red binders labeled "Shadowlake Villas," blue binders labeled "River View Villas," pink binders labeled "Parc Fontaine Apartments," blue binders labeled "Parc Fontaine Condominiums," and green binders labeled "Parc Fontaine Condo Association."

Inside the cubicle on the left are black file cabinets labeled "Parc Fontaine Condominium Association."

Inside the cubicle on the right are black file cabinets labeled "Collection – Carol Sue," "Collection – Calypso Bay," "Collection – Relais Esplanade," "Collection – River View Villas," "Collection – Shadowlake Villas," and "Collection – Parc Fontaine."

[1] Througout this memorandum, the plaintiffs have attempted to point out any differences in the building between the September 23, 2010 search and today. Unless otherwise noted, the building was in the same condition on September 23, 2010 as it is today.

To the right of all of these cubicles is an office door. The plaintiffs suggest the Court enter that office and take note of the following:

- On the wall to the right of the door is a bookshelf holding binders labeled Parc Fontaine Condominium Association, Shadow Lake Management Company, Inc., Live Oak Homes Corporation, and Permanent, Inc.

- Also on the bookshelf is a white business card holder with an angel on the front, holding the business cards of Shadowlake Management President Jacquelyn Bruchi.

- To the right of the bookshelf is a Times-Picayune newspaper article from April 9, 1988 entitled "Sensitive Planning, Design, give Shadowlake its Appeal."

- On the wall opposite the door, next to the windows, is a plaque from the Apartment Association of Louisiana.

- On the wall to the left of the door are plaques and pictures stating that Jacquelyn Bruchi is a Certified Property Manager and that she is a member of the National Association of Property Management.

- On the wall to the left of the door, near the windows, is a framed blue book cover from the "Lincoln National Realty Company Review of Operations, 1988" with a picture of "Shadowlake Apartments."

- Behind the desk is a credenza with folders labeled "lease schedules," "Calypso 2010," and "Condo Association."

After leaving this office, the plaintiffs suggest the Court walk back down the hall towards the reception desk, past the lunchroom, and into the office straight ahead. This office contains the computer servers seized by the Government. Inside that office, there is a closet on the right, and the plaintiffs would ask the Court to look inside that closet. That closet contains several computer servers. One server is labeled "Live Oak Homes" and "Fred and Lea." Another is labeled "Willow Firewall." These labels were on these servers when the Government searched the building on September 23, 2010. In the same office, the plaintiffs would also point out that there is a bookshelf holding binders labeled "Carol Sue Apartments."

Outside of the computer server office is a long hallway leading toward the side of the building that faces Belle Chasse Highway. The first door on the left was where the Law Offices of Peter J. Butler, L.L.C. were located at the time of the search. Mr. Butler retired last year, and these offices are now empty. However, it is undisputed that the Government successfully located those offices without any assistance on the day of the search.

Past Mr. Butler's office is a large room with numerous cubicles in the center and a number of offices around the edge. The plaintiffs would ask the Court to direct its attention to the contents of the cubicles, including phone directories posted on the walls listing Willow, River Birch, Shadowlake, Live Oak and a number of different businesses; a black "Silver Sales Achievement" plaque for "Willow Incorporated"; and various binders labeled with information related to the construction industry.

There are offices, restrooms, and a conference room around the edge of the large cubicle room. With respect to the offices, the plaintiffs would only point out that one office which was occupied at the time of the search is now empty because that employee moved to the building located at River Birch landfill in Waggaman, Louisiana. The rest of the offices are in the same condition as they were on the day of the search. Also, the plaintiffs would ask the Court to note a stairwell on the Belle Chasse Highway side of the building, next to the ladies room. This stairwell is the only other means of entrance to the premises.

Finally, next to the now vacant office is a file room. The plaintiffs would direct the Court's attention to numerous black file cabinets labeled "Willow House Files."

Respectfully submitted,

*/s/ William P. Gibbens*
Kyle D. Schonekas, 1187
William P. Gibbens, 27225
SCHONEKAS, EVANS, MCGOEY
& MCEACHIN, L.L.C.
Poydras Center
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Telephone: (504) 680-6050
kyle@semmlaw.com
billy@semmlaw.com

Attorneys for Frederick R. Heebe, Shadowlake Management, L.L.C., Fred Heebe Investments, and Live Oak Homes Corporation

*/s/ Michael S. Walsh*
Michael S. Walsh, 8500
LEE & WALSH
257 Maximilian Street
Baton Rouge, LA 70802
Telephone: (225) 344-0474
Michael@leeandwalsh.com

Attorney for Willow, Inc. and Heebe & Heebe, P.L.C.

*/s/ Robert N. Habans, Jr.*
Robert N. Habans, Jr., 06395
HABANS & CARRIERE
10843 N. Oak Hills Parkway
Baton Rouge, Louisiana 70810
Telephone: (225) 757-0225
bobhab@bellsouth.net

Attorney for A.J. Ward, Jr

*/s/ Edward J. Castaing*
Edward J. Castaing
CRULL, CASTAING & LILLY
601 Poydras Street, Suite 2320
New Orleans, Louisiana 70130
Telephone: (504) 581-7700
ecastaing@cclhlaw.com

Attorney for River Birch, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2011, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Gregory M. Kennedy**, usalae.ecfcr@usdoj.gov
**Salvador Perricone**, usalae.ecfcr@usdoj.gov

*/s/William P. Gibbens*
WILLIAM P. GIBBENS