UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HEEBE ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO:   10-3452 |
| | * | |
| UNITED STATES OF AMERICA | * | SECTION:  "C" (5) |
| | * | |

*************************************

### PLAINTIFFS' MEMORANDUM REGARDING
### THE COURT'S REVIEW OF THE SEARCH WARRANT AFFIDAVIT

NOW INTO COURT through undersigned counsel come Plaintiffs, Frederick R. Heebe, A.J. Ward, Shadowlake Management, L.L.C., Willow, Inc., Fred Heebe Investments, Live Oak Homes Corporation, Heebe & Heebe, P.L.C., and River Birch, Inc. ("River Birch"), who respectfully submit the following opposition to the Government's request to submit the search warrant affidavit for the Court's *ex parte*, *in camera* review.

### INTRODUCTION

The Government's search warrant was for "2000 Belle Chasse Highway, Gretna, Louisiana 70056 (further described in Attachment A)." Rec. Doc. 3-3 at 1. Attachment A to the warrant states:  "The offices of River Birch Landfill are located at 2000 Belle Chasse Highway, Gretna, Louisiana, 70056.  It is a three-story beige brick building with a sign in front that states River Birch Inc. and Willow Homes." *Id*. at 2 (emphasis added).  The only other document

incorporated by reference into the search warrant is Attachment B, which lists the items to be searched. *Id.* at 3-4.

From the very inception of this case, the Government took the position that its search warrant was for the offices of River Birch: "In the present case, the warrant authorizes the search of 2000 Belle, Chasse Hwy., the offices of RBL." Rec. Doc. No. 14, p. 5. That position has been repeated throughout the past four months of litigation, including in the Government's motion for reconsideration of this Court's order to return Plaintiffs' property. *See, e.g.*, Rec. Doc. 31 at 8 (contending that FBI Special Agent Malcolm J. Bezet observed no "independent identifying information that would have alerted agents to other businesses housed within the common office space").

Less than two weeks ago, however, the Government changed course. It now contends that its search warrant was for the entirety of 2000 Belle Chasse Highway, including any and all businesses located there. In support of this argument, the Government seeks to submit the search warrant application affidavit as an *ex parte* exhibit. Not only is this request to consider *ex parte* evidence as a basis to deny Plaintiffs' requested relief a violation of Plaintiffs' fundamental due process rights, it is unnecessary because the warrant itself unambiguously permitted only the search of "the offices of River Birch" and thus the affidavit cannot cure the unconstitutional search of offices belonging to the other Plaintiffs.

**LAW AND ARGUMENT**

1.   **The Government's *Ex Parte* Submission of Evidence Violates Due Process.**

The Fifth Circuit has made clear that the right to due process "encompasses the individual's right to be aware of and refute the evidence against the merits of his case." *In re Application of Eisenberg,* 654 F.2d 1107, 1112 (5th Cir. 1981). In the present case, the

Government seeks to submit, for the Court's *ex parte* review, the affidavit in support of the search warrant application. The Government asks the Court to consider that affidavit, which was prepared by FBI Special Agent Peter Smith, as a basis for granting the Government's motion and denying Plaintiffs relief without permitting Plaintiffs any opportunity to address or refute the assertions in the affidavit. Specifically, the Government indicated that the search warrant application affidavit somehow supports its newly raised contention that the premises to be searched at 2000 Belle Chasse Highway included more than the offices of River Birch, which was the only premises identified in the search warrant itself.

The Fifth Circuit has made clear that the right to due process "encompasses the individual's right to be aware of and refute the evidence against the merits of his case." *Application of Eisenberg,* 654 F.2d 1107, 1112 (5th Cir. 1981). Citing *Eisenberg*, the District of Columbia Circuit has observed that "party access to evidence tendered in support of a requested court judgment" is a "hallmark of our adversary system." *Abourezk v. Reagan*, 785 F.2d 1043, 1060 (D.C. Cir. 1986) (citing *Eisenberg,* 654 F.2d at 1112). Accordingly, it is "the firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte, in camera* submissions." *Id*. at 1061. Because "[o]ur adversarial legal system generally does not tolerate *ex parte* determinations on the merits of a civil case," it is improper for the Government to ask the Court to rely on secret allegations in its search warrant application affidavit in determining whether the Government should return the Plaintiffs' property that it has illegally seized. *Eisenberg,* 654 F.2d at 1112.

Moreover, the Government has not offered any legal support for its request that the search warrant application affidavit be considered by the Court while simultaneously withheld from Plaintiffs. The Government's only justification is that disclosing it could compromise its

ongoing investigation.  The Government cannot have it both ways.  If the Government wants to use this search warrant application affidavit as evidence in this civil case, then the affidavit must be disclosed absent some exception to the main rule that *ex parte* determinations on the merits are not permitted in civil cases.  *Eisenberg*, 654 F.2d at 1112.  Here, however, the Government has failed to provide any authority in support of its *ex parte* submission or even argue that there is an applicable exception.

As the Court in *Abourezk* explained, "exceptions to the main rule" that a court may not dispose of the merits of a case on the basis of secret evidence are "both few and tightly contained."  *Abourezk*, 785 F.2d at 1061.  In fact, the most notable exception is that *ex parte, in camera* inspections of evidence "may occur when a party seeks *to prevent use* of the materials in litigation."  *Id*.  Other exceptions recognized by the courts include "compelling national security concerns" or if "the statute granting the cause of action specifically provides for *in camera* resolution of the dispute."  *Vining v. Runyon*, 99 F.3d 1056, 1057-1058 (11th Cir. 1996); *see also Abourezk,* 785 F.2d at 1061; *Tonnesen v. Marlin Yacht Mfg., Inc.*, 171 Fed. Appx. 810, 814 (11th Cir. 2006).

None of these exceptions apply here.  In fact, the Government is not seeking to prevent the search warrant application affidavit evidence from being used.  Instead, it is affirmatively offering that evidence against the Plaintiffs without permitting them to see it.  That does not fall within the exceptions to the main rule against secret evidence, and the Court should either refuse to consider the search warrant affidavit or order the Government to disclose the affidavit to Plaintiffs, because no party should ever be faced "with a decision against him based on evidence he was never permitted to see and rebut."  *Abourezk,* 785 F.2d at 1061; *see also United States v. Libby*, 429 F. Supp. 2d 18, 21 (D.D.C. 2006) (quoting *Abourezk* with approval).

2.  **Consideration of the search warrant affidavit is unnecessary as the search warrant is unambiguously limited to the offices of River Birch and the affidavit is not incorporated into the warrant's description of the place to be searched or the items to be searched and seized.**

The Fourth Amendment unequivocally states that a search warrant must describe with particularity the place to be searched or the things to be seized. U.S. Const. amend. IV. Accordingly, it is well-established that a warrant that lacks particularity with regard to either the place to be searched or the things to be seized is invalid and any search conducted pursuant to such a warrant is unconstitutional. *Groh v. Ramirez*, 540 U.S. 551, 557 (2004); *United States v. Beaumont*, 972 U.S. 553 (5th Cir. 1992); *United States v. Haydel*, 649 F.2d 1152, 1156 (5th Cir. 1981). While courts may consider search warrant application materials, such as affidavits, to determine whether an ambiguous search warrant satisfies the Fourth Amendment's particularity requirement, facially invalid warrants may not be saved by those materials. *Groh*, 540 U.S. at 557 ("The fact that the application adequately described the 'things to be seized' does not save the *warrant* from its facial invalidity.") (emphasis in original); *Haydel*, 649 F.2d at 1157 ("An insufficient warrant cannot be cured by the most detailed warrant."). This is particularly true when the warrant itself does not incorporate by reference the warrant application materials and those materials do not accompany the warrant because they were placed under seal. *Groh*, 540 U.S. at 558.

The search warrant here unambiguously described a single place to be searched, 2000 Belle Chasse Highway, Gretna, Louisiana 70056 as "further described in Attachment A." Rec. Doc. 3-1 at 1. Attachment A specifically states the "offices of River Birch Landfill" are located at 2000 Belle Chasse Highway, and that these offices are located in a "three-story beige brick building with a sign in front that states River Birch Inc. and Willow Homes." Rec. Doc. 3-3 at 2. The only other attachment to the warrant, Attachment B, listed the items to be searched and

5

seized. *Id.* at 3-4. The six other tenants of 2000 Belle Chasse Highway are not identified anywhere in the warrant or its attachments as places to be searched. Thus, there is no need for this Court to look beyond the warrant to determine that the warrant expressly and specifically limited the scope of the place to be searched as "the offices of River Birch." Moreover, given that "the offices of River Birch" is the only place described with particularity in the search warrant, the warrant is facially invalid as to any other businesses located at 2000 Belle Chasse Highway and the search warrant application affidavit therefore cannot be used to justify the Government's illegal search of those businesses. *Groh*, 40 U.S. at 557.

Furthermore, the search warrant application affidavit is neither an attachment to the warrant, nor is it incorporated into either the description of the "person or place to be searched" or the items to be searched and seized. Indeed, the only reference to the search warrant application affidavit is an annotation that the magistrate relied upon it or recorded testimony as the basis for his probable cause determination. Rec. Doc. 3-3 at 1. Thus, even assuming the search warrant application affidavit did expressly indicate that the scope of the search included all seven businesses located at 2000 Belle Chasse Highway, it is not clear from the face of the warrant whether the Magistrate agreed with that scope. *See Groh*, 540 U.S. at 561 ("The mere fact that the Magistrate issued a warrant does not necessarily establish that he agreed that the scope of the search should be as broad as the affiant's request."). Additionally, the search warrant application affidavit itself did not accompany the search warrant as it was under seal. In fact, the Government wants to *keep* that affidavit under seal.

In *Groh*, the Supreme Court held that a search conducted pursuant to a warrant that failed to list the property or items to be seized violated the Fourth Amendment. 540 U.S. at 558 (holding "the warrant was so obviously deficient that we must regard the search as 'warrantless'

6

within the meaning of our case law"). As it does in the present case, the Government in *Groh* argued that the Supreme Court should look beyond the warrant to the underlying, sealed search warrant application affidavit to determine whether the warrant was valid. *Id.* at 560. The Supreme Court rejected that argument because the description of the items to be seized in the search warrant application affidavit was not incorporated by reference into the warrant and the affidavit was not present during the search. *Id.* It did not matter that the government agents in *Groh* orally described the items for which they were searching to the plaintiff during the search and that the officers "acted with restraint" during the search. *Id.* at 560-61.

      Here, as in *Groh*, because the search warrant application affidavit was neither incorporated by reference in the description of the place to be searched nor was present at the search, the affidavit may not be used to save that warrant from its facial invalidity as to the searches of offices other than those of River Birch. 540 U.S. at 557 (noting that the purpose of the Fourth Amendment is not "vindicated when some other document, somewhere, says something about the objects of the search, but the contents of that document are neither known to the person whose home is being searched or available for her inspection"). Consequently, even if it were proper for the Court to review the search warrant application affidavit prepared by Agent Smith *ex parte* in connection with the Government's motion for reconsideration, that review is unnecessary because the affidavit cannot cure the unconstitutionality of the search of 2000 Belle Chasse Highway conducted on September 23, 2010.

**CONCLUSION**

For the foregoing reasons, the Plaintiffs respectfully request that the Court deny the Government's request to submit the search warrant affidavit *ex parte, in camera*. Alternatively, Plaintiffs request that the exhibit be released to Plaintiffs and that they be given an opportunity to respond to the allegations therein.

Respectfully submitted,

| | |
|---|---|
| */s/ William P. Gibbens* | */s/ Michael S. Walsh* |
| Kyle D. Schonekas, 1187 | Michael S. Walsh, 8500 |
| William P. Gibbens, 27225 | LEE & WALSH |
| SCHONEKAS, EVANS, MCGOEY | 257 Maximilian Street |
| & MCEACHIN, L.L.C. | Baton Rouge, LA  70802 |
| Poydras Center | Telephone:  (225) 344-0474 |
| 650 Poydras Street, Suite 2150 | Michael@leeandwalsh.com |
| New Orleans, Louisiana  70130 | |
| Telephone:  (504) 680-6050 | Attorney for Willow, Inc. and Heebe & Heebe, P.L.C. |
| kyle@semmlaw.com | |
| billy@semmlaw.com | |
| | |
| Attorneys for Frederick R. Heebe, Shadowlake Management, L.L.C., Fred Heebe Investments, and Live Oak Homes Corporation | |

| | |
|---|---|
| */s/ Robert N. Habans, Jr.* | */s/ Edward J. Castaing* |
| Robert N. Habans, Jr., 06395 | Edward J. Castaing |
| HABANS & CARRIERE | CRULL, CASTAING & LILLY |
| 10843 N. Oak Hills Parkway | 601 Poydras Street, Suite 2320 |
| Baton Rouge, Louisiana  70810 | New Orleans, Louisiana  70130 |
| Telephone:  (225) 757-0225 | Telephone:  (504) 581-7700 |
| bobhab@bellsouth.net | ecastaing@cclhlaw.com |
| | |
| Attorney for A.J. Ward, Jr | Attorney for River Birch, Inc. |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2011, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Gregory M. Kennedy**, usalae.ecfcr@usdoj.gov
**Salvador Perricone**, usalae.ecfcr@usdoj.gov

*/s/William P. Gibbens*
WILLIAM P. GIBBENS